956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn William TOWNSEND, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randolph Harry BUCKNELL, Defendant-Appellant.
 Nos. 91-30205, 91-30220.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1992.*
Decided March 11, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants, Glenn William Townsend and Randolph Harry Bucknell, appeal their convictions, following conditional guilty pleas, for importation of hashish in violation of 21 U.S.C. §§ 952(a)(2) and 960 and 18 U.S.C. § 2. Appellants challenge the district court's denial of their motions to suppress evidence, obtained in a document and safety inspection by the Coast Guard, of the Lady Brigid, a vessel upon which defendants were crew members. The district court had jurisdiction pursuant to 21 U.S.C. §§ 952(a)(2) and 960. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291 and 1294. We affirm.
 
 I.
 
 3
 During the spring and summer of 1989, agents of the United States Customs Service ("Customs") observed the vessel, the Lady Brigid, in the Columbia River. The agents had reason to suspect that the vessel would be used to smuggle drugs. On August 3, 1989, the Lady Brigid left the Columbia River and went out to sea. On that day the Coast Guard, at the urging of Customs and accompanied by Customs Agent Hicks, hailed and boarded the vessel. The Coast Guard advised the Lady Brigid that its purpose was to perform a document and safety inspection and the search conducted was limited accordingly. During the boarding, the Coast Guard Petty Officer and Hicks reviewed ship and crew identification documents, including the passports of defendants Townsend and Bucknell. The boarding party reported that there was no cargo aboard the outbound vessel.
 
 
 4
 The Lady Brigid was next sighted in the Columbia River on August 27, 1989. On September 1, 1989, the vessel began to offload cargo. Agents searched the trucks carrying cargo from the vessel, seizing approximately 25 tons of hashish and arresting seven people. Townsend and Bucknell were not present at the offload.
 
 
 5
 Charts seized from the vessel on September 1, 1989, indicated that the vessel never touched land between August 3 and its return to the Columbia River on August 27, 1989. The theory of the government's case against appellants was that the hashish must have been loaded when the vessel was at sea and appellants must have been on the vessel when it "onloaded" the drugs and re-entered the United States.
 
 
 6
 Appellants argue that the crew identification documents observed during the boarding on August 3, 1989, linking appellants to the Lady Brigid, should be suppressed because the search violated their fourth amendment rights against unreasonable searches and seizures.[1] We disagree.
 
 II.
 
 7
 Whether the Coast Guard acted lawfully in boarding the Lady Brigid is a mixed question of law and fact reviewed de novo. United States v. Dobson, 781 F.2d 1374, 1376 (9th Cir.1986).
 
 III.
 A.
 
 8
 This court recognizes the authority of U.S. Coast Guard and Customs personnel to board any vessels that traverse the jurisdictional waters of the United States in order to conduct safety and document inspections.[2] 14 U.S.C. § 89(a); 19 U.S.C. § 1581(a); United States v. Troise, 796 F.2d 310, 312 (9th Cir.1986); United States v. Cilley, 785 F.2d 651, 653 (9th Cir.1985); United States v. Peterson, 812 F.2d 486, 494 (9th Cir.1987).
 
 
 9
 Appellants contend that the August 3, 1989 document inspection violated the fourth amendment because it was merely a pretext for a boarding, primarily motivated by a suspicion of smuggling. We disagree.
 
 
 10
 This court has consistently rejected this "pretext" argument where a stop and search had an independent administrative justification. Troise, 796 F.2d at 312; United States v. Watson, 678 F.2d 765, 771 (9th Cir.), cert. denied, 459 U.S. 1038 (1982). A documents and safety inspection furthers important government interests and constitutes just such an independent administrative justification for stops and searches of this limited nature. Troise, 796 F.2d at 312. The inspection was not invalidated because, due to the cooperation of Customs and the Coast Guard, the boarding party suspected criminal activity. Id. at 312.
 
 
 11
 Appellants' reliance on auto stop cases is misplaced. The focus of fourth amendment law is on the question of the "reasonableness" of the type of government intrusion involved. United States v. Villamonte-Marquez, 462 U.S. 579, 588 (1983). The Supreme Court has found that the "important factual differences between vessels located in waters offering ready access to the open sea and automobiles on principal thoroughfares ... are sufficient to require a different result." Id. at 588. The strong government interest and the minimal intrusiveness, coupled with the lack of practical alternatives make the former "reasonable" under the fourth amendment. Id. at 592-93.
 
 B.
 
 12
 The boarding was also justifiable as a border search. "A border search is by its very nature reasonable under the fourth amendment, and requires neither a warrant, probable cause, nor even articulable suspicion." United States v. Dobson, 781 F.2d 1374, 1376 (9th Cir.1986). Boats on inland waters with ready access to the sea may be hailed and boarded with no suspicion whatsoever. United States v. Montoya de Hernandez, 473 U.S. 531, 538 (1985). This reasoning applies with equal force to both exit and entrance crossings. United States v. Nates, 831 F.2d 860, 862 (9th Cir.1987), cert. denied, 487 U.S. 1205 (1988); United States v. Cardona, 769 F.2d 625, 629 (9th Cir.1985).
 
 
 13
 Government agents were fully justified in believing that the Lady Brigid was leaving the Columbia River and headed toward the open seas. Thus, the border search exception to the fourth amendment also allowed them to board and search the Lady Brigid. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There may be a question whether defendants, as mere crew members, have standing to challenge the legality of this search which did not intrude upon their private living quarters. See United States v. Arra, 630 F.2d 836, 841 fn. 6 (1st Cir.1980); see also United States v. Aikins, 946 F.2d 608, 613 (9th Cir.1990). But the government does not challenge appellants' standing and we assume it has waived any such objection by the terms of the conditional plea giving defendants a right to appeal pretrial rulings. See United States v. Pinto-Mejia, 720 F.2d 248, 256 (2nd Cir.1984)
 
 
 [2]
 Coast Guard personnel are also deemed "officer[s] of the customs" under 19 U.S.C. § 1401(i)